# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 4480 | **DATE** | 8/2/2011 |
| **CASE TITLE** | Johnathan T. Pinney vs. Organizations and Agents of the State's, et al. | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, the instant action is hereby ordered dismissed. Plaintiff's motion for leave to proceed in forma pauperis [3] is denied on the merits. All other motions are hereby stricken as moot. Civil case terminated.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

This matter is before the court on Plaintiff Johnathan T. Pinney's (Pinney) motion for leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 1915, "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted. . . ." *Id.* Pinney has filed a *pro se* complaint, naming two federal judges from this district, state court judges, State's Attorneys, Public Defenders, expert witnesses, various governmental agencies, and others. The court liberally construes the *pro se* complaint. However, Pinney's complaint has failed to state a valid claim for relief and contains some bizarre statements. In addition, the relief sought in the complaint, such as that he be declared a sovereign nation, is an irrational and bizarre request for relief.

Pinney alleges that he had a rough childhood. Pinney also contends that he wants to go to college but is unable to do so "due to Federal Grant rules. . . ." (Compl. 5). Pinney also alleges that his license was suspended and that he was arrested for various offenses, such as trespass and possession of illegal drugs. Pinney also contends that while in jail he "was subjected to repeat [sic] doses of Dangerous Mind Altering Substances" involuntarily. (Compl. 5). Pinney then claims that "[i]n attempt to avoid arrest but make good

## STATEMENT

faith effort to clear [his] name," he "checked into the community Hospital of Ottawa" and "feigned allusions to suicidailty [sic] to secure admission. . . . ." (Compl. 6). Pinney contends that he was then turned over to police because of another warrant for aggravated battery and again forced to take "mind altering substances." (Compl. 6). Pinney alleges that he was ultimately tried for his charged offense and was convicted. He allegedly served his sentence and was "released to homeless status. . . ." (Compl. 7). Pinney claims that he then went to Indiana where he was allegedly harassed by the police. Pinney then claims he met a woman in New Mexico that promised to marry him if he went to New Mexico, but when he went there, the woman had him arrested for trespassing. After that arrest, Pinney claims he went to Los Angeles, where he was allegedly arrested again based on false accusations. Pinney contends that, while incarcerated, a hidden tracking device was implanted in him. Pinney then allegedly returned to the Midwest where he was again allegedly harassed by police and unjustly arrested. Pinney contends that he has suffered various physical injuries while "in custody of agencies of the state/municipalities. . . ." (Compl. 8). Pinney also appears to argue that he was unfit to stand trial in his criminal cases and that he was unjustifiably denied social security disability payments. The relief sought by Pinney includes demands that he be emancipated from this country's jurisdiction, that he be recognized as a foreign sovereignty with diplomatic immunity, that he be given a tract of land to rule as a foreign sovereign, and that a treaty of non-aggression be entered into between this county and his country. Pinney also seeks a "prosecution" of the various government agents he has encountered. (Compl. 16).

     Even when liberally construing the *pro se* complaint in this matter, Pinney has not provided any specific details that would plausibly suggest a valid claim to relief against any Defendant listed in this case. In addition, Pinney has provided bizarre and incredible allegations, such as having a hidden tracking device implanted in him while detained. *See Edwards v. Snyder*, 478 F.3d 827, 829 (7th Cir. 2007)(stating that "[a] claim is factually frivolous if its allegations are bizarre, irrational or incredible"). Finally, even if Pinney had stated a valid claim in this case, he has based his claims in this case on a broad range of experiences with law enforcement and governmental agencies across this country, and such claims, even if cognizable, could not be joined in a single action. Therefore, the instant action is dismissed.